■ In the Matter of the Accounting of ELIZABETH PROBERT, as Executrix of EMMA C. HOFFMAN, Deceased, and for EMMA C. HOFFMAN, as Trustee under Trust Created under the Will of JOSEPH HOFFMAN, Deceased, Respondent. HAROLD S. LAWS, as Administrator of the Estate of JOSEPH HOFFMAN, Deceased, et al., Appellants. LOIS B. GAMMONS et al., Respondents.— Per Curiam. These are appeals from those portions of a decree of the Surrogate of Schenectady County which denied requests for allowances for legal services rendered in connection with construction proceedings and which directed distribution by the accounting fiduciary to the personal representatives of certain estates rather than to the persons under the various estates that might be entitled to receive such assets. Two issues were presented for construction, the time of vesting of the principal of the trust in question and apportionment between principal and income of certain General Electric Company stock. As to the first issue the Surrogate impliedly found no occasion for controversy and all of the parties agreed that such principal would vest at the testator's death. As to the second issue the Surrogate merely applied the distinction between shares of stock distributed as a result of a stock split-up and a stock dividend as authoritatively defined in Matter of Fosdick (4 N Y 2d 646, 653). The correctness of the Surrogate's determination is not disputed; the issue is confined to the denial of allowances. The Surrogate stated: "In view of the nature of the problems before me, the numerous counsel, the duplication of counsel's efforts and the fact that a sizeable number of respondent-beneficiaries are not represented by personal counsel, the requests of counsel are denied." Whether we agree or not with the disposition of the application for reasonable allowances, we cannot say there was an improvident exercise of the discretion conferred on the Surrogate by section 278 of the Surrogate's Court Act. Matter of Booth (18 A D 2d 985, affd. 14 N Y 2d 554) may be distinguished. In that case the Surrogate in the exercise of his discretion granted allowances and the Appellate Division modi-

fied by increasing the attorneys' fees allowed. However, in *Booth* it was contended that language in the will manifested a treatment contrary to the *Fosdick* rule. Moreover, putting aside that distinction, the Surrogate, having exercised his discretion to grant allowances, was required in the proper exercise of further discretion to make allowances that were not unreasonable. As to the remaining issue on appeal the Surrogate correctly provided in the decree that the distribution of assets should be made to the legal representatives of the estates of any remaindermen who did not survive the life estate. Decree affirmed, with one bill of costs to respondents filing briefs payable from the trust estate. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.